UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE E. DRESBACH,

       Petitioner,

v.                                                                          Criminal Case No. 03-80504

UNITED STATES OF AMERICA,                       Honorable Arthur J. Tarnow

       Respondent.
_____/

**ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [282];
AND DENYING RENEWED MOTION FOR BOND [305]**

Before the court is Kyle Dresbach's motion to vacate sentence under 28 U.S.C. § 2255, filed on April 28, 2008 in the underlying criminal case, 03-80504. The court held a two-day evidentiary hearing in this matter. For the following reasons, the court DENIES the motion to vacate sentence as well as the renewed motion for bond.

I. Background

Dresbach alleges that, in violation of his constitutional rights, he received ineffective assistance of counsel during his criminal prosecution.

In *Strickland v. Washington*, the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. *See* 466 U.S. 668 (1984).

First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Second, a petitioner must establish that counsel's deficient performance prejudiced the defense so seriously as to deprive the petitioner of a fair trial. *Id.* at 687. It is the petitioner's

burden to establish prejudice, and the petitioner must show more than that the errors could conceivably have influenced the outcome; rather, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693, 694.

II. Analysis

Even if Dresbach's trial counsel, Joseph Falcone, rendered constitutionally ineffective assistance, he has not demonstrated prejudice. The government's proof of its case as to Dresbach was overwhelming. Although the court will not address each of the alleged inadequacies in Falcone's representation, the court will discuss the most serious. The court finds his performance less than required, but it did not change the outcome.

A. Falcone's failure to raise a loan-repayment defense and to suggest other sources of cash

1. Failure to raise loan-repayment defense

Petitioner Dresbach contends that his trial counsel did not effectively present a defense based on the theory that payments made by Allen for Dresbach's benefit were actually repayments of loans that Dresbach had made to Allen. However, there was scant evidence to support the loan-repayment defense, apart from Dresbach's own putative testimony. At the evidentiary hearing, Dresbach explained that he often made loans to family — including Jerome Allen, whom Dresbach considered a brother — without keeping documentation of the loans through promissory notes.

Dresbach testified at the evidentiary hearing that he had loaned $300,000 to Allen in the early 1990s, and that in 2003 Allen owed him $432,000 as a result. Furthermore, he explained at the hearing that he had suggested to Falcone at trial that Allen's loan obligations and the payments made by Allen to Dresbach's creditors were roughly equal. However, at the evidentiary hearing, the government elicited testimony from Dresbach which compels the conclusion that Allen made payments in Dresbach's benefit that were much more than the loan obligations Dresbach expected. This incongruence undermines Dresbach's contention that he

2

suffered prejudice due to Falcone's alleged failure to present more evidence in support of a loan-repayment defense. In other words, petitioner has not shown that he would have been able to present a successful loan-repayment defense. No prejudice can attach to Falcone's failure to present what would have been an unsuccessful defense.

### 2. Failure to suggest other sources of cash

Petitioner also challenges Falcone's alleged failure to present alternative sources of cash, such as income from Dresbach's movie theaters, or land contracts, or checks that were not deposited into Dresbach's bank accounts but were instead cashed. However, the bulk of the money that Allen paid in Dresbach's benefit was not paid in cash. Moreover, Falcone testified at the evidentiary hearing that IRS Special Agent Kaza admitted during Dresbach's trial that Dresbach's cash could have come from sources other than the Hurricane conspiracy. Therefore, even if the court assumes that Falcone negligently failed to argue that Dresbach's cash came from legitimate sources of income and not from the Hurricane conspiracy via Jerry Allen, it was not likely to change the outcome.

### B. Falcone's failure to impeach Allen

Petitioner also argues that Falcone failed to adequately impeach Allen at trial. Dresbach showed at the evidentiary hearing that Allen was involved in numerous lawsuits. In those lawsuits, Allen had allegedly conned people into bad investments or loans, but he argued that he did not have money to make the plaintiffs whole. Dresbach asserts that had Falcone mined public records for this information, Falcone could have used it to impeach Allen. According to petitioner, Falcone could have argued that Allen was essentially a con artist and that Allen had lied at trial when he denied that he was in dire financial straits. However, the jury was aware that Allen had committed dishonest acts by participating in the illicit Hurricane conspiracy. His credibility was challenged. And although Allen's poor financial condition could have helped to corroborate a loan-repayment defense, the loan-repayment defense would have failed for the reasons discussed above. Accordingly, the court does not find that prejudice attached to any alleged failure by Falcone to impeach Allen in this manner.

### C. Falcone's failure to have Dresbach testify

A key contention in the motion to vacate sentence is that Falcone rendered ineffective assistance by dissuading Dresbach from testifying. At the evidentiary hearing, Dresbach testified that he never got a chance to share his personal story with the jury.

Although Dresbach suggests that he could have testified and could have shown his good character, that could have opened the door to evidence from the government on Dresbach's character. Falcone explained that the government had evidence that it was "holding back" evidence of other bad acts committed by Dresbach prior to the Hurricane conspiracy. These acts included Dresbach's alleged participation in a separate conspiracy with Allen and Graham, as well as solicitation of bribes in the 1970s and 1980s.

Falcone could have mounted a defense as to these other bad acts, just as Dresbach denied those bad acts at the evidentiary hearing. However, Dresbach has not shown this court that he could have countervailed the government's potential adverse character evidence. Therefore, any mistake Falcone made in advising Dresbach not to testify did not prejudice Dresbach.

D.  Falcone's failure to object to Robert Murdock's deposition testimony

Robert Murdock was an equipment broker affiliated with Hurricane. Due to his poor health, he was deposed prior to Dresbach's trial. During cross-examination by the government at the deposition, Murdock was impeached with a prior inconsistent statement that he had made before a grand jury. At the grand jury, Murdock had testified that Dresbach made the decision to have Thyssen pay fraudulently inflated prices for equipment. At the deposition, Murdock acknowledged that his prior statement before the grand jury was true.

The deposition was therefore harmful to Dresbach, but Falcone did not object to the admission of the deposition, even though, petitioner maintains, Murdock was not in bad health. However, Dresbach's defense counsel would have had the same opportunity for cross-examination either at a video deposition or at trial.

At the evidentiary hearing, petitioner's counsel suggested that Falcone should have objected to the admission of the deposition because it had only scant evidentiary value, which was far outweighed by its prejudicial impact on Dresbach. However, a witness's prior inconsistent statements before a grand jury are not hearsay and are admissible not only for

4

impeachment purposes, but also as substantive evidence. Fed. R. Evid. 801(d)(1)(A). This is so, notwithstanding this court's erroneous ruling at trial that Murdock's prior statements could only be used for impeachment purposes. *See* Petitioner's Ex. 29 at 64. The deposition testimony did not have scant evidentiary value.

Alternatively, petitioner argues, even if a challenge to admitting the deposition would not have been successful, Falcone did not present to the jury the exculpatory statements that Murdock had made to the government during its investigation. However, petitioner has not pointed to the specific exculpatory statements that would have made a difference. Accordingly, this court finds no prejudice to Dresbach, even assuming Falcone failed to give effective assistance.

### E. Falcone's failure to subpoena records from Allen

Petitioner asserts that Dresbach's failure to obtain potentially exculpatory records from Allen prejudiced him. But as the government notes, Dresbach cannot show this court any particular documents that would have made a difference. Dresbach's opportunity to present any of those records was the evidentiary hearing.

### F. Falcone's failure regarding payment for the Thyssen interest

Dresbach contends that he, Graham, and Allen originally owned parts of the American subsidiary of Thyssen which they had organized. However, Thyssen asked them to return their interests, and Dresbach complied. Accordingly, he never received money for his interest in Thyssen. But at trial, it became evident that Graham had received a substantial sum for his interest. Petitioner believes that this episode shows that Graham and Allen conspired with each other and left Dresbach in the dark. However, even if Graham and Allen had cheated Dresbach out of his interest in Thyssen, Graham and Allen could have still ensured that Dresbach received a piece of the Hurricane conspiracy. Dresbach has not shown that had Falcone emphasized the Thyssen-interest scam, that it would have changed the outcome.

## III. Conclusion

As for the other deficiencies in Falcone's representation noted by Dresbach, many of

5

them go to preparation and inexperience. Assuming that Falcone was disorganized, that he did not abide by the customary procedures of this court, and that these inadequacies satisfied the first prong of *Strickland* either separately or collectively, these and related deficiencies did not prejudice Dresbach, because petitioner has not shown that he could have presented loan-repayment and cash-hoard defenses that would have been strong enough to change the outcome of the trial. That is, he has failed to meet the requirements of the second prong of *Strickland*.

For the reasons discussed, Dresbach's motion to vacate sentence and his renewed motion for bond are DENIED.

SO ORDERED.

        S/ARTHUR J. TARNOW
        Arthur J. Tarnow
        United States District Judge

Dated: April 6, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 6, 2009, by electronic and/or ordinary mail.

        S/THERESA E. TAYLOR
        Case Manager