**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,                    Case No. 03-80504

           Plaintiff,                    HONORABLE ARTHUR J. TARNOW
                                       SENIOR UNITED STATES DISTRICT
v                                            JUDGE

KYLE E. DRESBACH,

           Defendant.

_____/

**ORDER SETTING HEARING DATE AND DIRECTING THE GOVERNMENT TO PROVIDE
ADDITIONAL EVIDENCE**

Before the Court is Defendant's Motion For a Reduction in Sentence [313].  A hearing

was held on the motion on November 17, 2010.  The matter was adjourned for the parties to

submit supplemental briefs.

Upon review of the Motion and supplemental filings, the Court concludes that additional

evidence is necessary in order for the Court to make a final ruling.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is now set for hearing on **May 17, 2011 at

2:00 p.m.**  All counsel are directed to appear in person and Defendant may appear by phone.

The Government is directed to provide live testimony at the hearing (along with any

other relevant evidence) from one or more witnesses to address the rationale for denying

Defendant's request for compassionate release.

In particular, the Court is interested in what factors were considered in Dresbach's

*specific* case in denying his request.  Counsel for the Government indicated at the hearing held

on November 17, 2010 that he consulted with the General Counsel's office of the Bureau of

Prisons prior to the hearing and that it was "their understanding" that compassionate release may be based on both medical and non-medical reasons and that the BOP in Dresbach's *specific* case did indicate that conditions other than the inmate's medical condition may provide a basis for compassionate release but that Defendant's case was not sufficiently extraordinary and compelling as required under the statute.

However, the March 29, 2010 letter denying Dresbach's request for compassionate relief (Exhibit D of the Government's Response [314]) states that "family hardship is an unfortunate consequence of incarceration and does not fall within the restricted application of the statute." The letter does not state that non-medical reasons were considered but rejected in this *specific* case as not being sufficiently extraordinary and compelling.  In fact, the letter suggests that not only were non-medical reasons not considered in this case but that they are never considered in *any* case.  The Government is therefore to provide testimony addressing these issues.

   **SO ORDERED**.


Dated: April 8, 2011      S/ARTHUR J. TARNOW  
             Arthur J. Tarnow
             Senior United States District Judge

Dated:  April 8, 2011

I hereby certify that a copy of the foregoing document was mailed to

Kyle Dresbach (31656-039)
FCI Morgantown
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507

John E. Sullivan
U.S. Department of Justice
Room 5910
Wahington, DC 20530

And served upon counsel of record on April 8, 2011, by electronic and/or ordinary mail.

S/MICHAEL WILLIAMS
Relief Case Manager