UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,             Case No. 03-80504

       Plaintiff,                HONORABLE ARTHUR J. TARNOW
                                     SENIOR UNITED STATES DISTRICT JUDGE
v

KYLE E. DRESBACH,

       Defendant.
                                       /

**ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION IN SENTENCE [313]**

Before the Court is Defendant's Motion for a Reduction in Sentence [313].

In conducting its review of this matter, the Court has been concerned with whether the Bureau of Prisons exercised the discretion it possesses and considered reasons other than Defendant's own medical condition in determining whether Defendant was entitled to compassionate release.

Upon review of the record, the Court concludes that the Bureau of Prisons did exercise its discretion and considered the reasons Defendant offered in support of his request for compassionate release that pertained to issues other than his own medical condition. The BOP offered a reasonable basis for the denial of Defendant's request. Defendant's motion must therefore be denied.

Defendant will be eligible for home confinement on February 9, 2012. *See* [328], Exhibit 1. He now, through counsel, moves this Court to reduce his sentence based not on his own condition but on the medical condition of both his wife and daughter.

Under 18 U.S.C. §3582(c)(1)(A), "The court may not modify a term of imprisonment

1

once it has been imposed except that– in any case-- the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment... if it finds that– i) extraordinary and compelling reasons warrant such a reduction...." (emphasis added).

Here, the BOP has not filed any such motion. Nevertheless, Defendant asserts, "Because the BOP has violated the law in its refusal to consider factors other than [Defendant's own] terminal illness, this Court should invalidate its administrative rules and exercise its jurisdiction to consider a sentencing reduction even though no motion has been filed by the Bureau of Prisons." [313] at 3.

What specific reasons may be deemed sufficiently "extraordinary and compelling" to warrant a reduction in sentence are not defined in the statute.

Under the regulations, "[a]n inmate may initiate a request for consideration under... 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. 571.61.

The Sentencing Commission has indicated three examples of what could constitute "extraordinary and compelling" reasons:

> (i) The defendant is suffering from a mental illness. (ii) The defendant is suffering from a permanent physical or medical condition, or is experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and for which conventional treatment promises no substantial improvement. (iii) The death or incapacitation of the defendant's only family member capable of caring for the defendant's minor child or minor children.

U.S.S.G. §1B1.13 (App. Note 1). Additionally, the guideline includes a fourth provision, which is a catch-all that allows for compassionate release if, "[a]s determined by the Director of the Bureau of Prison, there exists in the defendant's case an extraordinary and compelling reason

2

other than, or in combination with, the reasons described in..." the three examples cited above. *Id.*

Thus, the clear language of the Application Note of §1B1.13 permits compassionate release for not just medical reasons of a defendant, but for other reasons as well.

Under 28 C.F.R. §571.62, "The Bureau of Prisons makes a motion under... 3582(c)(1)(A) only after review of the request by the Warden, the Regional Director, the General Counsel, and either the Medical Director for *medical referrals* or the Assistant Director, Correctional Programs Division for *non-medical referrals*, and with the approval of the Director, Bureau of Prisons" (emphasis added). Thus, in addition to the Sentencing Guideline, federal regulations also acknowledge that compassionate release may be based on both medical and non-medical reasons. Moreover, the government submitted a 1998 Program Statement from the Director of the BOP concerning compassionate release that references the above regulation, thus again acknowledging that non-medical reasons may be considered in determining whether to grant a compassionate release. [314], Exhibit B.

In the government's response to Defendant's motion, it acknowledged, consistent with the above authority, that the BOP allows for both medical and non-medical conditions of the inmate to be considered as a basis for compassionate release. *See* [314] at 9-10.

At the hearing held on Nov. 11, 2010, counsel for the government informed the Court that he consulted with the General Counsel's office of the BOP prior to the hearing and that it was "their understanding of their authority... that it allows for both tracks. That is a non-medical track and a medical track for inmates. And that they believe the BOP's ultimate decision... did consider his wife's condition... when it described [how] ordinarily we consider only the inmate's medical condition, the extraordinary case, as to the statute, would allow us to consider others."

After further briefing on Defendant's motion was submitted following the hearing, the

3

Court issued an order [321] on April 8, 2011 directing the government to provide additional evidence at a hearing "to address the rationale for denying Defendant's request for compassionate release." The Court indicated that it was "interested in what factors were considered in Dresbach's *specific* case in denying his request." Although counsel for the government indicated at the hearing that the BOP did consider both medical and non-medical reasons for compassionate release in Dresbach's case, the Court concluded that evidence in the record was unclear on that point.

Subsequently, the government filed a Motion to Continue Hearing [324] on April 29, 2011 asking that the hearing be adjourned. The motion indicated that the Director of the BOP was going to conduct a *de novo* review of Dresbach's request for compassionate release and that Dresbach could supplement his previous request for compassionate release with additional information. The motion noted that Dresbach's counsel concurred in an adjournment of the hearing.

On May 9, 2011, the Court entered an order [325] granting the government's unopposed motion.

Ultimately, on June 7, 2011, the Acting Director of the BOP issued a letter denying Dresbach's request. The parties then submitted supplemental briefing addressing the denial.

The denial letter demonstrates to the Court that the BOP properly exercised its discretion in Dresbach's case and considered non-medical reasons of third parties in making its determination whether compassionate release was appropriate. Nowhere does the letter state that only medical reasons of a defendant can be considered in reviewing a request for compassionate release in any case or that only medical reasons of the defendant were considered *in this case*. Rather, the denial letter from the Acting Director of the BOP, *see* [328], Exhibit 1, indicates that the BOP has "carefully reviewed *the specific facts and circumstances of Mr. Dresbach's case*, in

4

light of the statute, policy, and guidelines." *Id*. (emphasis added).  The letter then examines the *specific facts* of Dresbach's case, taking into account the non-medical grounds Defendants offered as a basis for his request.  The letter concludes:

> These decisions are always difficult.  Mr. Dresbach's family circumstances are indeed serious, and his imprisonment is a hardship for his family.  Further, the family situation causes considerable stress and anxiety for Mr. Dresbach because he is unavailable to provide care and comfort for his wife and daughter.  However, the court was aware of the developing medical conditions of Mrs. Dresbach and their daughter at the time of sentencing.  In my experience, it is not uncommon that families in the community face similar issues.  Further, the Presentence Investigation Report notes that there are other adult children of Mr. and Mrs. Dresbach who could offer assistance in this case.  Finally, I again note that Mr. Dresbach will presumably be eligible for home confinement in February of 2012, and release in August of 2012.  Therefore, while I find Mrs. Dresbach's family situation most unfortunate, and I can empathize with his circumstances, I cannot concludes that *his circumstances* are so extraordinary and compelling as to warrant a RIS.

*Id*. (emphasis added).

Thus, the letter makes clear that the reasons Defendant offered that went beyond his own medical condition were considered and rejected.  Defendant maintains that the letter was written in bad faith but there is no evidence demonstrating that.  Defendant is undoubtedly displeased with the BOP's determination, but displeasure is not a sufficient ground for concluding that the review the Acting Director conducted, which counsel did not object to prior to the review being performed, was done in bad faith.[1]

Because the BOP has properly exercised its discretion in reviewing Defendant's specific request and offered a reasonable basis for its denial of that request, Defendant's motion must be denied.

---

[1] The Court notes that even if the Acting Director did not perform the review but instead had either the warden or Regional Director or General Counsel conduct it, he still would have to approve their recommendation regarding compassionate release if they made the decision that compassionate release was warranted.  Nevertheless, counsel for Defendant did not raise any concerns about who would conduct the review prior to the review being completed.

5

03-80504-02
United States of America v. Graham et al

The Sixth Circuit has held:

> An agency is not entitled to deference simply because it is an agency. It is true that agencies are more specialized than courts are. But for courts to defer to them, agencies must do more than announce the fact of their comparative advantage; they must actually use it. And that means, among many other things, that the agency must apply– rather than disregard– the relevant statutory and regulatory criteria.

*Meister v. U.S. Dept. of Agriculture*, 623 F.3d 363, 367 (6th Cir. 2010).

The statutory law and regulations discussed above demonstrate that the BOP has within its discretion the authority to consider reasons other than a defendant's own medical condition in determining whether compassionate release is warranted. Counsel for the government has made clear on the record in this matter that the BOP does exercise its discretion and recognizes both medical and non-medical reasons as grounds for compassionate release. The review conducted in Defendant's case took into account non-medical reasons as permitted under the law, even if the BOP ultimately concluded that based on the facts of this *specific* case, compassionate release was not warranted. The Court anticipates that absent a change in the law, the BOP will continue to abide by the statute and regulations cited above and take into account reasons other than a defendant's own medical condition in reviewing future requests for compassionate release.

Accordingly, based on the above discussion,[2]

**IT IS HEREBY ORDERED** that Defendant's Motion for Reduction in Sentence [313] is **DENIED**.

---

[2] The court declines to address any additional arguments raised in the government's filings as to why this matter should be dismissed

                    03-80504-02
              United States of America v. Graham et al

**SO ORDERED.**

          s/Arthur J. Tarnow
          ARTHUR J. TARNOW
          SENIOR UNITED STATES DISTRICT
          JUDGE

I certify that a copy of the forgoing document was sent to parties of record on August 30, 2011 by U.S./electronic mail.

          s/Michael Williams
          Relief Case Manager for the
         Honorable Arthur J. Tarnow